received the appropriate prospectus. Plaintiff and other Class members purchased shares of the MFS Funds traceable to the relevant false and misleading Prospectuses and were damaged thereby.

57. As set forth herein, the statements contained in the Prospectuses, when they became effective, were materially false and misleading for a number of reasons, including that they stated that it was the practice of the MFS Funds to monitor and take steps to prevent timed trading because of its adverse effect on fund investors, and that the trading price was determined as of 4 p.m. each trading day with respect to all investors when, in fact, select investors (the Does named as defendants herein) were allowed to engage in timed trading. The Prospectuses failed to disclose and misrepresented, *inter alia*, the following material and adverse facts: (a) that defendants had entered into unlawful agreements allowing the Doe Defendants to time their trading of the MFS Funds shares; (b) that, pursuant to those agreements, the Doe Defendants regularly timed the MFS Funds; (c) that, contrary to the representations in the Prospectuses, the MFS Funds only enforced their policy against frequent traders selectively; (d) that the defendants regularly allowed the Doe Defendants to engage in trades that were disruptive to the efficient management of the MFS Funds and/or increased the MFS Funds's costs, thereby reducing the MFS Funds' actual performance; and (e) the Prospectuses failed to disclose that, pursuant to the unlawful agreements, the Doe Defendants benefitted financially at the expense of MFS Funds' investors including plaintiff and other members of the Class.

58. At the time they purchased the MFS Funds's shares traceable to the defective Prospectuses, plaintiff and Class members were without knowledge of the facts concerning the false and misleading statements or omissions alleged herein and could not reasonably have possessed such knowledge. This claim was brought within the applicable statute of limitations.

## COUNT TWO
## AGAINST SUN LIFE AND MFS AS CONTROL PERSONS FOR VIOLATIONS OF SECTION 15 OF THE SECURITIES ACT

59. Plaintiff repeats and realleges each and every allegation contained above, except that for purposes of this claim, plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct and otherwise incorporates the allegations contained above.

60. This Claim is brought pursuant to Section 15 of the Securities Act against Sun Life and MFS as a control persons of the Fund Registrants. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the false, misleading, and incomplete information conveyed in the MFS Funds' public filings, press releases and other publications represent the collective actions of Sun Life and MFS.

61. The Fund Registrants are liable under Section 11 of the Securities Act as set forth herein.

62. Sun Life and MFS are "control persons" of the Fund Registrants within the meaning of Section 15 of the Securities Act, by virtue of their positions of operational control and/or ownership. At the time plaintiff and other members of the Class purchased shares of the MFS Funds, Sun Life and MFS, by virtue of their positions of control and authority over the Fund Registrants directly and indirectly, had the power and authority, and exercised the same, to cause the Fund Registrants to engage in the wrongful conduct complained of herein. The Fund Registrants issued, caused to be issued, and participated in the issuance of materially false and misleading statements in the Prospectuses.

63. Pursuant to Section 15 of the Securities Act, by reason of the foregoing, Sun Life and MFS are liable to plaintiff and the other members of the Class for the Fund Registrants' primary violations of Section 11 of the Securities Act.

64. By virtue of the foregoing, plaintiff and the other members of the Class are entitled to damages against Sun Life and MFS.

## COUNT THREE
## VIOLATION OF SECTION 10(b) OF
## THE EXCHANGE ACT AGAINST AND RULE 10b-5
## PROMULGATED THEREUNDER AGAINST ALL DEFENDANTS

65. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

66. During the Class Period, each of the defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including plaintiff and the other Class members, as alleged herein and cause plaintiff and other members of the Class to purchase MFS Funds shares or interests at distorted prices and otherwise suffer damages. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

67. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the MFS Funds, including plaintiff and other members of the Class, in an effort to enrich themselves through undisclosed manipulative trading tactics by which they wrongfully appropriated MFS Funds's assets and otherwise distorted the pricing of their

securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All defendants are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

68.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the MFS Funds operations, as specified herein.

69.     These defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon plaintiff and members of the Class.

70.     The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. The defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

71.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market prices of the MFS Funds were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein. In ignorance of these facts, the market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not

disclosed in public statements by defendants during the Class Period, plaintiff and the other members of the Class acquired the shares or interests in the MFS Funds during the Class Period at distorted prices and were damaged thereby.

72. At the time of said misrepresentations and omissions, plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had plaintiff and the other members of the Class and the marketplace known of the truth concerning the MFS Funds' operations, which were not disclosed by defendants, plaintiff and other members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

73. By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

74. As a direct and proximate result of defendants' wrongful conduct, plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the MFS Funds shares during the Class Period.

### COUNT FOUR
### AGAINST SUN LIFE, MFS, AND THE FUND REGISTRANTS AS A CONTROL PERSON FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT

75. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

76. This Claim is brought pursuant to Section 20(a) of the Exchange Act against Sun Life as a control person of MFS, the Fund Registrants, and the MFS Funds; against MFS as a control

person of the Fund Registrants and the MFS Funds; and against the Fund Registrants as a control person of the MFS Funds.

77. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the materially false, misleading, and incomplete information conveyed in the MFS Funds' public filings, press releases and other publications are the collective actions of Sun Life and MFS.

78. Sun Life, MFS, and the Fund Registrants are controlling persons of the MFS Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the MFS Funds's respective businesses and systematic involvement in the fraudulent scheme alleged herein, Sun Life, MFS, and the Fund Registrants each had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the MFS Funds, including the content and dissemination of the various statements which plaintiff contends are false and misleading. Sun Life, MFS, and the Fund Registrants had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

79. In particular, Sun Life, MFS, and the Fund Registrants had direct and supervisory involvement in the operations of the MFS Funds and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

80. As set forth above, Sun Life, MFS, and the Fund Registrants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this complaint. By virtue of their positions as controlling persons, Sun Life, MFS, and the Fund Registrants are liable pursuant to

Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, plaintiff and other members of the Class suffered damages in connection with their purchases of MFS Funds' securities during the Class Period.

## COUNT FIVE
### VIOLATION OF SECTION 34(b) OF THE INVESTMENT COMPANY ACT OF 1940 AGAINST ALL DEFENDANTS

81. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

82. This claim for relief is brought pursuant to Section 34(b) of the Investment Company Act of 1940 against defendants.

83. Under Section 34(b) of the Investment Company Act of 1940, it shall be unlawful for any person to make any untrue statement of a material fact in any registration statement, application, report, account, record, or other document filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31(a) [15 USCS § 80a-30(a)]. It shall be unlawful for any person so filing, transmitting, or keeping any such document to omit to state therein any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

84. Here, defendants have made untrue statements of a material fact in a registration statement, application, report, account, record, and/or other document filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31(a) [15 USCS § 80a-30(a)].

85. As such, Plaintiffs and other class members have been injured as a result of defendants' untrue statements and have violated Section 34(b) of the Investment Act of 1940.

## COUNT SIX
## VIOLATION OF SECTION 36(a) OF
## THE INVESTMENT COMPANY ACT OF 1940
## AGAINST ALL DEFENDANTS

86.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

87.     This claim for relief is brought pursuant to Section 36(a) of the Investment Company Act of 1940 against defendants. Under Section 36(a), an implied private right of action exists. See McLachlan v. Simon, 31 F. Supp.2d 731 (N.D. Cal. 1998).

88.     Under Section 36(a) of the Investment Company Act, defendants shall be deemed to owe a fiduciary duty to plaintiff and other class members with respect to the receipt of fees and compensation that defendants receive for services of a material nature.

89.     Here, defendants have devised and implemented a scheme to obtain substantial fees and other income for themselves and their affiliates by allowing the Doe Defendants to engage in timing of the MFS Funds throughout the Class Period and in violation of their fiduciary duties to their customers, i.e., plaintiff and class members.

90.     Defendants engaged in such scheme to only benefit themselves and their affiliates by allowing the Doe Defendants to engage in timing of the MFS Funds named herein in return for substantial fees and other income.

91.     Defendants have breached the fiduciary duties they owe to plaintiff and other class members by, among other things, devising this plan and scheme solely for their own benefit and by failing to reveal to them material facts which would allow them to make informed decisions about the true value and performance of the Funds.

92.     Plaintiffs and other class members have been injured as a result of defendants' breach of fiduciary duty and violation of Section 36(a) of the Investment Act of 1940.

## COUNT SEVEN
## AGAINST ALL DEFENDANTS
## FOR BREACH OF FIDUCIARY DUTIES

93.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

94.     Plaintiff and the Class placed their trust and confidence in Sun Life and MFS to manage the assets they invested in the MFS Funds.

95.     Plaintiff and the Class reasonably expected that the defendants would honor their obligations to them by, among other things, observing the securities laws and honoring the representations made in the MFS Funds' prospectuses.

96.     The defendants, aided and abetted by the other Defendants, who are co-conspirators, breached their fiduciary duties to the Plaintiff and the Class by violating the securities laws and breaching express and implied representations contained in the MFS Funds' prospectuses for the benefit of the MFS Funds and each of the other defendants.

97.     Each of the Defendants was an active participant in the breach of fiduciary duty and participated in the breach for the purpose of advancing its own interests.

98.     Plaintiff and the Class have been specially injured by defendants' wrongdoing. For example, those class members who redeemed their shares during the Class Period received less than what they would have been entitled to had certain individuals not engaged in illegal market timing. Additionally, certain members of the Class (i.e., those who purchased their mutual fund shares legally), were treated differently than those purchasers that were market timers.

99.     The defendants, aided and abetted by the other defendants, who are also co-conspirators, acted in bad-faith, for personal gain and in furtherance of his, her or its own financial advantage in connection with the wrongful conduct complained of in this complaint.

100.    As a direct and proximate result of the defendants' foregoing breaches of fiduciary duties, plaintiff and the members of the Class have suffered damages.

101.    The defendants, as aiders, abettors, and co-conspirators, are each jointly and severally liable for an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and of the Class pray for relief and judgment, as follows:

(a)     Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b)     Awarding plaintiffs and the members of the Class damages in an amount which may be proven at trial, together with interest thereon;

(c)     Awarding plaintiffs and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs;

(d)     Awarding such other and further relief as this Court may deem just and proper including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure plaintiffs have an effective remedy; and

(e)     Such other relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Date: December 10, 2003                    Respectfully submitted,

                                           **GILMAN AND PASTOR , LLP**

                                           */s/ David Pastor*
                                           _____
                                           David Pastor (BBO #391000)
                                           Stonehill Corporate Center
                                           999 Broadway
                                           Suite 500
                                           Saugus, MA 01906
                                           Telephone:   (781) 231-7850
                                           Facsimile:   (781) 231-7840

                                           **SCHIFFRIN & BARROWAY, LLP**
                                           Marc A. Topaz
                                           Richard A. Maniskas
                                           Three Bala Plaza East
                                           Suite 400
                                           Bala Cynwyd, PA 19004
                                           (610) 667-7706

                                           **CAULEY GELLER BOWMAN & RUDMAN, LLP**
                                           Samuel H. Rudman
                                           Robert M. Rothman
                                           David Rosenfeld
                                           200 Broadhollow Road, Suite 406
                                           Melville, NY 11747
                                           (631) 367-7100

                                           **Attorneys for Plaintiff**