# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRUCE RIGGS,

      Plaintiff,

                                Case No. 03-cv-12500

-vs-

MASSACHUSETTS FINANCIAL
SERVICES COMPANY,
et al.,

      Defendants.

---

ALBERT FELDMAN, on behalf of Himself and
All Others Similarly Situated,
                        Civil Action No. 04-cv--10009

                           Related Actions:

            Plaintiff,
                           03-cv-12514
                           03-cv-12536
        v.                      03-cv-12545
                           03-cv-12570
MASSACHUSETTS FINANCIAL SERVICES     03-cv-12622
COMPANY, MFS INVESTMENT
MANAGEMENT, SUN LIFE FINANCIAL,
INC., MFS SERIES TRUST I, MFS SERIES
TRUST II, MFS SERIES TRUST III, MFS
SERIES TRUST IV, MFS SERIES TRUST V,
MFS SERIES TRUST VI, MFS SERIES
TRUST VII, MFS SERIES TRUST VIII, MFS
SERIES TRUST IX, MFS SERIES TRUST X,
MFS SERIES TRUST XI, MFS CAPITAL
OPPORTUNITIES FUND, MFS CORE
GROWTH FUND, MFS EMERGING
GROWTH FUND, MFS LARGE CAP
GROWTH FUND, MFS MANAGED
SECTORS FUND, MFS MID CAP GROWTH
FUND, MFS NEW DISCOVERY FUND, MFS
NEW ENDEAVOR FUND, MFS RESEARCH

FUND, MFS STRATEGIC GROWTH FUND,          :
MFS TECHNOLOGY FUND,                        :
MASSACHUSETTS INVESTORS GROWTH             :
STOCK, MFS MID CAP VALUE FUND, MFS         :
RESEARCH GROWTH AND INCOME                  :
FUND, MFS TOTAL RETURN FUND, MFS           :
UNION STANDARD EQUITY FUND, MFS            :
UTILITIES FUND, MFS VALUE FUND,            :
MASSACHUSETTS INVESTORS TRUST,             :
MFS AGGRESSIVE GROWTH                       :
ALLOCATION FUND, MFS                        :
CONSERVATIVE ALLOCATION FUND,              :
MFS CONSERVATIVE ALLOCATION                :
FUND, MFS MODERATE ALLOCATION              :
FUND, MFS BOND FUND, MFS EMERGING          :
MARKETS DEBT FUND, MFS                      :
GOVERNMENT LIMITED MATURITY                :
FUND, MFS GOVERNMENT MORTGAGE              :
FUND, MFS GOVERNMENT SECURITIES            :
FUND, MFS HIGH INCOME FUND, MFS            :
HIGH YIELD OPPORTUNITIES FUND, MFS         :
INTERMEDIATE INVESTMENT GRADE              :
BOND FUND, MFS LIMITED MATURITY            :
FUND, MFS RESEARCH BOND FUND,              :
MFS STRATEGIC INCOME FUND, MFS             :
ALABAMA MUNICIPAL BOND FUND,               :
MFS ARKANSAS MUNICIPAL BOND FUND,          :
MFS CALIFORNIA MUNICIPAL BOND              :
FUND, MFS FLORIDA MUNICIPAL BOND           :
FUND, MFS GEORGIA MUNICIPAL BOND           :
FUND, MFS MARYLAND MUNICIPAL               :
BOND FUND, MFS MASSACHUSETTS               :
MUNICIPAL BOND FUND, MFS                    :
MISSISSIPPI MUNICIPAL BOND FUND,           :
MFS MUNICIPAL BOND FUND, MFS               :
MUNICIPAL LIMITED MATURITY FUND,           :
MFS NEW YORK MUNICIPAL BOND FUND,          :
MFS NORTH CAROLINA MUNICIPAL               :
BOND FUND, MFS PENNSYLVANIA                :
MUNICIPAL BOND FUND, MFS SOUTH             :
CAROLINA MUNICIPAL BOND FUND, MFS          :
TENNESSEE MUNICIPAL BOND FUND,             :
MFS VIRGINIA MUNICIPAL BOND FUND,          :

MFS WEST VIRGINIA MUNICIPAL BOND    :
FUND, MFS EMERGING MARKETS    :
EQUITY FUND, MFS GLOBAL EQUITY    :
FUND, MFS GLOBAL GROWTH FUND, MFS    :
GLOBAL TOTAL RETURN FUND, MFS    :
INTERNATIONAL GROWTH FUND, MFS    :
INTERNATIONAL NEW DISCOVERY FUND,    :
MFS INTERNATIONAL VALUE FUND, MFS    :
RESEARCH INTERNATIONAL FUND,    :
(collectively the "MFS Funds"), and    :
JOHN DOE CORPORATIONS 1-100,    :
    :
              Defendants.    :
    :
    :

# MEMORANDUM OF LAW IN SUPPORT OF
## ALBERT FELDMAN'S
## MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL

Class Member, Albert Feldman ("Mr. Feldman" or "Movant"), respectfully submits this Memorandum of Law in support of his motion to (1) consolidate the actions presently pending in the District of Massachusetts; (2) be appointed Lead Plaintiff in the above-referenced actions; and (3) approve his selection of Berger & Montague, P.C. as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are a number of related class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of the MFS family of funds ("MFS Funds") owned and operated by Sun Life Financial, Inc. and its subsidiaries and affiliates between December 15, 1998 to December 8, 2003, inclusive (the "Class Period"). These Actions are brought

pursuant to the Securities Exchange Act of 1934, the Securities Act of 1933, and the Investment

Advisers Act of 1940. Defendants are Sun Life, MFS Investment Management, each of the MFS

mutual funds and their registrants, and John Does 1-100. Class members sustained heavy losses as a

result of the alleged fraud.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Section 21D(a)(3)(B) of the Exchange Act, movant

Albert Feldman, by his counsel, respectfully moves this Court: (1) to consolidate the Actions presently

pending in this District; (2) to appoint Movant as Lead Plaintiff in the consolidated action; and (3) to

approve Movant's selection and retention of Berger & Montague, P.C. ("Berger & Montague") as

Lead Counsel.

As detailed below, Movant should be appointed as Lead Plaintiff because he has the "largest

financial interest in the relief sought by the class" and "otherwise satisf[ies] the requirements of Rule 23,"

and is thus the presumptively lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## STATEMENT OF FACTS

The Actions have been filed on behalf of all persons who purchased or otherwise acquired

MFS Funds securities during the Class Period. Throughout the Class Period, certain of the defendants

failed to disclose that they improperly allowed certain favored investors to engage in "timing" of the

MFS Funds' securities. Timing is excessive, arbitrage trading undertaken to turn a quick profit and

which ordinary investors are told that the funds police. Timing injures ordinary mutual fund investors --

who are not allowed to engage in such practices -- and is acknowledged as an improper practice by

the MFS Funds. In return for receiving extra fees from privileged investors, Sun Life and MFS

Investment Management, and its affiliates, allowed and facilitated timing in the MFS Funds, to the

detriment of class members, who paid, dollar for dollar, for improper profits made by these investors. These practices were undisclosed in the prospectuses of the MFS Funds, which falsely represented that the MFS Funds actively police against timing.

**ARGUMENT**

### I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions assert class claims on behalf of purchasers and acquirers of securities of the MFS Funds for alleged violations of the Securities Exchange Act of 1934, the Securities Act of 1933, and the Investment Advisers Act of 1940 during the Class Period. All of the Actions name the MFS Funds as defendants and involve the same factual and legal issues that each plaintiff was injured by the Fund Defendants' failure to disclose that they improperly allowed certain investors to engage in the "timing" of their transactions in the Fund Defendants' securities. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See In re Microstrategy Inc. Secs. Litig., 110 F. Supp. 2d 427, 431 (E.D. Va. 2001) (consolidating numerous securities class actions). Clearly, that test is met here because there is a substantial overlap in the factual and legal issues alleged in each of the Actions. Accordingly, the Actions should be consolidated.

### II.    MOVANT ALBERT FELDMAN SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The Procedure Required By The PSLRA

The Private Securities Litigation Reform Act ("PSLRA") has established a procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-

-4-

4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff Bruce Riggs filed the first action in this matter, causing a notice to be published in *PR Newswire*, annexed hereto as Exhibit A,[1] stating that class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by February 9, 2004. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice. . .

---

[1]    The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." <u>Greebel v. FTP Software, Inc.</u>, 939 F. Supp. 57, 62-64 (D. Mass. 1996); See <u>Lax v. First Merchants Acceptance Corp.</u>, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

(bb) in the determination of the court, has the largest
financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of
the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii).  See generally In re Cell Pathways Sec. Litig., 203 F.R.D. 189, 191

(E.D. Pa. 2001).

### B.    Movant  Satisfies The "Lead Plaintiff" Requirements Of the Exchange Act And Should Be Appointed Lead Plaintiff

#### 1.    Movant Has Timely Moved For Appointment As Lead Plaintiff

All Class members who are interested in moving for the appointment of Lead Plaintiff in this

matter must do so by February 9, 2004.  15 U.S.C. § 78u-4(a)(3)(A) and (B).  Pursuant to the

provisions of the PSLRA and within the requisite time frame after publication of the required notice,

Movant hereby moves this Court in a timely manner to be appointed Lead Plaintiff on behalf of all

members of the Class.

Movant has duly signed and filed a certification stating that he has reviewed the allegations of a

complaint and is willing to serve as a representative party on behalf of the class.  See Albert Feldman's

Certification of Proposed Lead Plaintiff Pursuant to Federal Securities Law, annexed hereto as Exhibit

B.  In addition, Mr. Feldman has selected and retained competent counsel to represent him and the

Class.  See Firm Resume of Berger & Montague, P.C., attached hereto as Exhibit D.  Accordingly,

Mr. Feldman has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and this Court

should approve his application for appointment as Lead Plaintiff and his selection of Berger &

-6-

Montague as Lead Counsel.

**2.    Movant Has The Requisite
Financial Interest In The
Relief Sought By The Class**

During the Class Period, as evidenced by, among other things, the accompanying signed

Certification by Albert Feldman (see Exhibit B) and analysis of his transactions in MFS Fund securities

(see Exhibit C), Movant has significant financial interest in the relief sought. The PSLRA provides in

pertinent part: "[T]he court shall adopt a presumption that the most adequate plaintiff in any private

action arising under this title is the person or group of persons that – (bb) in the determination of the

court, has the largest financial interest in the relief sought by the class." 15 U.S.C. 78u-4(a)(3)(3)(iii).

Movant believes the "largest financial interest" in this case will be determined based upon the value of

the plaintiff's holdings and the length of time held. As a result, Mr. Feldman has provided information

regarding the value of his holdings for the end of each year during the Class Period. Mr. Feldman held

MFS Funds worth $228,901.94 at the end of 1998; $261,022.74 at the end of 1999; $264,278.51 at

the end of 2000; $230,935.80 at the end of 2001; $207,149.48 at the end of 2002; and $240,708.82

at the end of 2003. If the court determines a different method for measuring the largest financial interest

is more appropriate, Mr. Feldman will provide information in accordance with that determination at that

time. Upon information and belief, Mr. Feldman's financial interest in this matter is the largest of any

competing lead plaintiff movant. Therefore, Mr. Feldman satisfies all of the PSLRA's prerequisites for

appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15

U.S.C. 78u-4(a)(3)(B).

-7-

### 3.     Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members if impracticable, (2) there are questions of law or facts common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. See Fields v. Biomatrix, Inc., 198 F.R.D. 451, 455 (D.N.J. 2000); Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866, at *20; Fischler v. Amsouth Bancorporation, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D Fla. Feb. 6, 1997).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See In re Cendant Corp. Litig., 264 F.3d 201, 264-65 (3d Cir. 2001); Weltz, 199 F.R.D. at 133. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

-8-

typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted). The Court should consider whether movant's circumstances "are markedly different or the legal theory upon which the claims [of that movant] are based differ [] from that upon which the claims of other class members will perforce be based." Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988) (internal quotation marks and citation omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. See Phillips v. Joint Legislative Comm. On Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

Movant satisfies the typicality requirement of Rule 23 because, just like all other class members, he: (1) purchased MFS Fund securities during the Class Period; and (2) suffered damages by the Fund Defendants' fraudulent conduct. Thus, Movant's claim is typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. See Weltz, 199 F.R.D. at 133; Modell v. Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass.) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985)).

Here, Movant is an adequate representative of the Class. As evidenced by his financial interest in the MFS Funds his interest is clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' conduct. There is no evidence of any antagonism between Movant's interests and those of the other members of the Class. In addition, as demonstrated below, Movant's proposed Lead Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Movant <u>prima facie</u> satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### III.    MOVANT'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

Movant has selected Berger & Montague to serve as Lead Counsel, subject to this Court's approval. Berger & Montague possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Berger & Montague has been appointed as lead or co-lead counsel in landmark class actions, including <u>In re Rite Aid Corp. Securities Litigation</u>, 269 F. Supp.2d 603, 611 (E.D. Pa. 2003), where plaintiffs' recovery was one of the five largest ever in a securities class action lawsuit. On June 2, 2003, in approving the extraordinary $334 million settlement on behalf of Rite Aid shareholders, Judge Dalzell of the Eastern District of Pennsylvania stated that:

> Co-lead counsel here--Berger & Montague, P.C. . . . --were extraordinarily deft and efficient in handling this most complex matter. They were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the write-down of over $1.6 billion in previously reported Rite Aid earnings. Their attention to detail was such that when Rite Aid's financial concerns led to its willingness to consider renegotiating the non-cash portion of the *Rite Aid I* settlement, counsel . . . ultimately monetized the entire settlement and gained the class interest of

$14,435,104 when interest rates were the lowest they have been in over forty years. **In short, it would be hard to equal the skill class counsel demonstrated here**. (emphasis added).

In re Rite Aid Corp. Securities Litigation, 269 F. Supp.2d 603, 611 (E.D. Pa. 2003). See also firm resume of Berger & Montague, attached hereto as Exhibit D.

## CONCLUSION

For the foregoing reasons, Movant Albert Feldman satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint him as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve his selection of Berger & Montague as Lead Counsel.

Dated: February 9, 2004                Respectfully submitted,

                                       **STERN SHAPIRO WEISSBERG & GARIN, LLP**

                                       By: _Jonathan Shapiro_

                                       Jonathan Shapiro (BBO # 454220)
                                       Max D. Stern (BBO # 479560)
                                       Kenneth M. Resnik (BBO # 637527)
                                       90 Canal Street
                                       Boston, MA 02114-2022
                                       Tel: (617) 742-5800
                                       Fax: (617) 742-5858


                                       **BERGER & MONTAGUE, P.C.**
                                       Sherrie R. Savett
                                       Robert A. Kauffman
                                       Glen L. Abramson
                                       Shoshana Twersky
                                       1622 Locust Street
                                       Philadelphia, Pennsylvania 19103
                                       Tel: (215) 875-3000
                                       Fax: (215) 875-4604


                                       Attorneys for Plaintiff